UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-45-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NORSHAWN MICHAEL DUPLESSIS, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Prior to sentencing, Defendant Norshawn Michael Duplessis' moved the Court for permission to withdraw his guilty plea to Count Two of the Indictment. [Record No. 49] As noted during the hearing held on this date, this Memorandum Opinion provides further explanation for the denial of that motion.

**I.**

On May 2, 2014, a three count Indictment was filed charging Duplessis with: (1) possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record No. 7] Pursuant to the defendant's request, a hearing was scheduled for July 7, 2014, for the purpose of allowing Duplessis to enter a guilty plea. Prior to the hearing, Duplessis signed a written Plea Agreement with the government regarding Counts One and Two of the Indictment. The parties agreed that Count Three would be dismissed at

the time of sentencing. [07/07/14 Transcript, p. 3] However, during the July 7th hearing, Duplessis contested the factual basis for Count Two. Specifically, he asserted that he did not know that the gun was in his apartment. [*Id.*, pp. 12–13] As a result, the Court accepted Duplessis' guilty plea to Count One and the matter was scheduled for trial on Monday, September 8, 2014, regarding Count Two. [Record No. 34]

However, on Friday, September 5, 2014, Duplessis moved the Court to be re-arraigned on Count Two. [Record No. 41] On September 8, 2014, Duplessis pleaded guilty to Count Two pursuant to a written Plea Agreement. [Record No. 44] During the second plea hearing, the Court again confirmed that Duplessis was fully competent and able to enter a guilty plea, reviewed the potential penalties for Count Two, and discussed the waiver provision contained in paragraph 8 of the second Plea Agreement in compliance with Rule 11 of the Federal Rules of Criminal Procedure. [*Id.*, pp. 3–4] Additionally, Duplessis confirmed the accuracy of the factual basis contained in the Plea Agreement regarding Count Two. [*Id.*, pp. 7–8] Duplessis clearly understood the nature of the charge against him, the consequences of his guilty plea, and the elements of the offense that the United States would be required to prove if the matter proceeded to trial. Thereafter, a sentencing hearing was scheduled for December 17, 2014. [Record No. 46]

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office was disclosed to the parties on November 12, 2014. [Record No. 49, p. 2] As outlined in Duplessis' written Plea Agreement and the PSR, the statutory minimum term of imprisonment for Count Two is five years under 18 U.S.C. § 924(c)(1)(A)(i). [PSR, p. 12] On November 25, 2014, the Court received a hand-written letter dated October 11, 2014,

from the defendant. [Record No. 48] In the letter, Duplessis complained of the assistance he was receiving from his counsel and, alternatively, indicated that he wished to withdraw his prior guilty plea to Count Two.

On December 2, 2014, Duplessis' counsel moved the Court to allow the defendant to withdraw his guilty plea to Count Two. [Record No. 49] Duplessis asserts that, after performing further research, he should not have been charged with Count Two because the gun was not actually used for selling drugs and he was not aware that it was in his apartment. [*Id.*, p. 2] A hearing on this motion was scheduled for December 17, 2014. [Record No. 50] Duplessis did not testify during the hearing.

## II.

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a district court may permit a defendant to withdraw a guilty plea, before a sentence has been imposed, if he can establish a "fair and just reason" for doing so.[1] The rule is intended to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not 'to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citing *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)).

---

1  Because this portion of Rule 11(d) was previously set forth in Rule 32(e) of the Federal Rules of Criminal Procedure, some of the relevant authorities refer to Rule 32.

The defendant has the burden of proving that withdrawal of a guilty plea is justified. *Ellis*, 470 F.3d at 281. Seven factors are reviewed under Rule 11(d)'s standard, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by guidelines amendments on other grounds*, U.S.S.G. § 3B1.1.[2] "These factors represent 'a general, non-exclusive list and no one factors is controlling.'" *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2001) (quoting *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)).

1. <u>The Amount of Time That Elapsed Between Entry of the Guilty Plea and the Defendant's Motion to Withdraw</u>

Duplessis entered into a written Plea Agreement to Count Two of the Indictment on September 8, 2014. The motion to withdraw his plea was filed by his attorney on December 2, 2014. Thus, a total of eighty-four days elapsed between the guilty plea and the motion to withdraw.[3] While the Sixth Circuit has upheld the denial of a motion to withdraw a guilty plea when the period of time between the motion and the plea is as little as thirty-five days,

---

[2] These same seven factors were applied by the Sixth Circuit in evaluating similar motions more recently in *United States v. Baker*, 578 F. App'x 567, 571 (6th Cir. 2014), and *United States v. Catchings*, 708 F.3d 710, 717 (6th Cir. 2013).

[3] Although the letter written by Duplessis is dated October 11, 2014, the Sixth Circuit has held that the date the defendant moves to withdraw a guilty plea is dispositive, not the date upon which he initially complains about having entered the plea agreement. *See Bashara*, 27 F.3d at 1181; *United States v. Young*, 494 F. Supp. 2d 701, 705 n. 11 (S.D. Ohio 2006).

and has cited with approval other circuits that have denied similar motions when less intervening time is involved, this time period should be examined in light of all of the other factors to be considered as well as the facts known to the defendant at the time the plea is entered and those discovered which allegedly lead to the Rule 11 motion. *See United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987) (motion to withdraw guilty plea denied where time period between the entry of plea and motion to withdraw was 35 days) and *Carr*, 740 F.2d 339 (motion to withdraw guilty plea denied where time period between the entry of plea and motion to withdraw was 22 days). However, in addressing this factor, the key determination is whether the guilty plea was made hastily with an unsure heart and a confused mind. *Alexander*, 948 F.2d at 1004.

The defendant's decision to enter into a guilty plea was not made in haste or confusion. Both the written Plea Agreement and the PSR state that Count Two included a mandatory minimum sentence of five years to run consecutive to any other sentence imposed. [Record No. 44, p. 2; PSR, p. 12] This was also made clear to the defendant at his second plea hearing on September 8, 2014. [09/08/14 Transcript, p. 4] Further, Duplesis had ample time to consider the charges and evidence against him, and to weigh his alternatives. The record reflects that Duplessis' counsel was provided a significant amount of information and evidence to allow him to make an informed decision regarding whether to change his plea or proceed to trial. As a result of the compelling evidence, it appears that Duplessis concluded that a change of plea was the prudent course to follow. In short, the Court does not believe that the time elapsed between the defendant's entry of a plea of guilty and his subsequent request to withdraw this plea supports the relief requested.

2. <u>The Presence or Absence of a Valid Reason for the Failure to Move for Withdrawal Earlier in the Proceedings</u>

Likewise, the defendant has not presented a valid reason for his failure to move to withdraw his guilty plea earlier in the proceedings. His only contention is that based on new research, he believes that he is innocent and should not have been charged with Count Two. [Record No. 49, p. 2] However, during the plea hearing on September 8, 2014, Duplessis was definitive in his guilty plea to Count Two. He expressly acknowledged that the statement of facts in the Plea Agreement was accurate. [09/08/14 Transcript, p. 8] The Court concludes that the defendant's mere assertions that "new research" demonstrates that he is innocent does not excuse his failure to seek withdrawal earlier in the proceedings. *Carr*, 740 F.2d at 344.

3. <u>Whether the Defendant Has Asserted or Maintained His Innocence</u>

The defendant has been inconsistent regarding his innocence throughout the case. He originally entered into a written Plea Agreement with the United States to Counts One and Two on July 7, 2014. However, during the first plea hearing, Duplessis refused to acknowledge the facts and evidence against him regarding Count Two. As a result, the Court scheduled a new trial date for September 8, 2014 on Count Two. But three days prior to trial, Duplessis again moved the Court to be allowed to enter a guilty plea to Count Two. [Record No. 41]

On September 8, 2014, Duplessis, in fact, pled guilty to Count Two, unambiguously agreeing to the factual basis for the charge. [Record No. 46] "'A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements.'"

*United States v. Owens*, 215 F. App'x 498, 502 (6th Cir. 2007) (quoting *United States v. Cinnamon*, 112 F. App'x 415, 419 (6th Cir. 2004)). Accordingly, this factor does not support the defendant's motion.

    4.    <u>The Circumstances Underlying the Entry of the Guilty Plea</u>

The defendant has failed to assert any conditions which would bring into question the circumstances surrounding his guilty plea. Duplessis originally contested the factual basis of Count Two at his plea hearing on July 7, 2014. However, at his subsequent plea hearing on September 8, 2014, he made clear that he was guilty of Count Two.

    THE COURT: [I]s it your intention to enter a plea of guilty to Count 2 because you are in fact guilty of that charge?

    DEFENDANT: Yes, sir.

    . . .

    THE COURT: Mr. Duplessis, can you tell me in your own words what it was that you did to be guilty of Count 2?

    DEFENDANT: Possessed the handgun.

    THE COURT: Did you possess the handgun in furtherance [of] the drug trafficking charge contained in Count 1 that we discussed?

    DEFENDANT: Yes, sir.

    THE COURT: Is the firearm the firearm that is actually listed in the indictment?

    DEFENDANT: Yes, sir.

    THE COURT: And did you possess that firearm on or about April 9, 2014 in Fayette County which is in the Eastern District of Kentucky?

    DEFENDANT: Yes, sir.

    [09/08/14 Transcript, p. 8]

It is clear to the Court that the defendant was fully aware of the evidence against him and the conduct leading to the gun charge. With the trial in sight, Duplessis made the decision to enter a guilty plea as to Count Two, fully aware of the consequences.

5. The Defendant's Nature and Background

A defendant's intelligence, sophistication, and understanding of his plea are relevant to the considerations under this factor. *Ellis*, 470 F.3d at 285. The defendant is in his late thirties and has received his GED. At his plea hearing, the Court determined that Duplessis was fully aware of the nature of the proceedings against him. Further, he is fully familiar with the workings of the criminal justice system. He had the capacity to evaluate the impact of his plea as well as the risk he would be taking by proceeding to trial, demonstrated by his actions during the pendency of the case. Likewise, he is unable to disavow his acknowledgement of the Court's statement during the September 8, 2014 hearing, that "[f]or what has been charged in Count 2 the statutory punishment is a mandatory period of five years [and] could be longer." [09/08/14 Transcript, p. 4]

6. The Degree to Which the Defendant Has Had Prior Experience with the Criminal Justice System

Duplessis has been convicted in Michigan for delivery of cocaine on two separate occasions and carrying a concealed weapon. He spent more than eight years in prison for his second drug conviction. He has also served two short jail sentences (6 and 45 days) for driving with a suspended/revoked license. [PSR, pp. 7–9] Duplessis' record places him in Criminal History Category II. [*Id.*, p. 9] Thus, Duplessis cannot refute the United States' assertion that he has an extensive criminal history and that his background is tied directly to

his experience with the criminal justice system. [Record No. 52, p. 7] This factor discounts any assertion that the defendant was unaware of the consequences of his guilty plea.

7. <u>Potential Prejudice to the Government If the Motion to Withdrawal is Granted</u>

Although the United States is not required to demonstrate prejudice unless the defendant is able to carry his burden of establishing a "fair and just reason" to support the withdrawal of his guilty plea, *Alexander*, 948 F.2d at 1004, the Court believes that some degree of prejudice would likely occur if the defendant's motion were granted. The Sixth Circuit has recognized that the cost associated with a second preparation for trial can constitute prejudice under the applicable rule. *See United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999). Here, if the motion were granted, the United States would be forced to again (for the third time) commence trial preparations. For this reason, the Court cannot conclude that no prejudice would be suffered if the defendant's motion were granted. However, because the defendant has not met his burden of showing under the factors discussed above that a fair and just reason exists for sustaining the motion, the Court will not reach any final conclusion concerning the extent of prejudice that would be suffered by the United States.

In summary, Duplessis has not met his burden of establishing a fair and just reason supporting his motion to withdraw his plea of guilty to Count Two of the Indictment.

This 17th day of December, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge