UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. 5: 14-045-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 5: 16-347-DCR |
| V. ) | |
| NORSHAWN MICHAEL DUPLESSIS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Movant/Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Movant/Defendant Norshawn Duplessis filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the Court denied in March 2017. [Record Nos. 75, 91] Following remand by the United States Court of Appeals for the Sixth Circuit, the motion was referred to United States Magistrate Judge Edward B. Atkins for review and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Counsel was appointed for Defendant Duplessis [Record No. 106] and Magistrate Judge Atkins conducted a evidentiary hearing on October 5, 2018. Thereafter, he issued a report on November 1, 2018, recommending that the motion be denied. [Record No. 122] The defendant filed objections to the Recommended Disposition on November 20, 2018 [Record No. 126].[1]

---

[1] The Court granted the United States a thirty-day extension on December 3, 2018, to respond to the defendant's objections to the Magistrate Judge's Recommended Disposition. [Record No. 129] However, after additional review of the file, the undersigned has determined that a response to the objections is not needed to resolve the defendant's motion or address his objections.

This Court makes a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made pursuant to 28 U.S.C. § 636(b)(1)(C). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The Court has examined the record and, having conducted a *de novo* review of the entire matter, agrees with the Magistrate Judge.

**I.**

A federal grand jury indicted Duplessis on May 2, 2018, for knowingly and intentionally possessing with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 1), possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2), and for being a felon in possession of a firearm (Count 3). [Record No. 7] Duplessis pled guilty to Count 1 in July 2014. [Record No. 34] Two months later, he pled guilty to Count 2. [Record No. 43]

Duplessis originally intended to enter a guilty plea to Counts 1 and 2 in July 2014. However, during the change-of-plea hearing, the Court explained the elements of a § 924(c) charge and asked Duplessis if believed that the government could prove the elements of that offense beyond a reasonable doubt. [Record No. 72, p. 32] He responded by stating that "the gun was in [his] apartment, but [he] didn't know the gun was there." [Record No. 72, p. 32-33][2] The Court declined to accept the guilty plea to Count 2 because there was an insufficient

---

[2] Law enforcement located the subject firearm in a closet during the search of the apartment rented by Duplessis. The firearm was found in an open computer bag hanging on the closet door near the front of the apartment. The pistol was positioned with the grip facing up. Officers also found several cell phones, over 100 grams of heroin in vacuum-sealed bags, and a hydraulic press in the same closet. [Record No. 123, pp. 14-15, 50-52] Duplessis was later given a polygraph examination at his request after denying that he knew about the firearm in the hallway closet. He failed the examination and his attorney was advised of the failure. [*Id.*

factual basis with respect to his § 924(c) charge. He pled guilty to Count 1 and a new trial date was set for Count 2. [Record No. 72, p. 40-42]

Duplessis later changed his mind and signed a second plea agreement regarding the § 924(c) charge. [Record No. 44] During the second change-of-plea hearing, Duplessis confirmed that he: (1) was satisfied with the advice of counsel; (2) had reviewed the indictment; (3) had discussed the charges with his attorney; and (4) understood the terms and conditions of his plea agreement. [Record No. 73, p. 6-7] The Court discussed the factual basis for the § 924(c) offense and explained that the defendant was charged with knowingly and intentionally possessing a firearm in furtherance of a drug trafficking crime. [Record No. 73, p. 20] Duplessis affirmed that he had reviewed the factual summary contained in his plea agreement and confirmed that it was true and correct. [Record No. 73, p. 21]

Prior to sentencing, however, Duplessis sent a letter to the Court, asserting that his attorney, Steven Scharg, had misled him regarding his guilty plea to the § 924(c) charge. [Record No. 48] Scharg subsequently filed a motion to withdraw Duplessis' guilty plea, which was denied following a hearing on the issue. [Record Nos. 49, 58] The Court observed that Duplessis had confirmed the factual statement contained in the plea agreement and acknowledged his guilt. [Record No. 58]

Duplessis was sentenced to 120-months for Count 1 to run consecutively to a 60-month sentence for Count 2. [Record No. 59] The sentence was consistent with the mandatory minimum terms required by statute (i.e., a mandatory minimum term of 120 months for a

---

at pp. 19-20] Scharg acknowledged, however, that he did not receive a copy of the report. [*Id.* at p. 41]

conviction under Count 1 according to 21 U.S.C. §§ 841(b)(1)(B) and 851, and a consecutive mandatory minimum term of 60 months under Count 2 according to 18 U.S.C. § 924(c)(1)(A)(i). The United States did not move for relief from the mandatory minimum terms under 18 U.S.C. § 3553(e). The defendant appealed to the Sixth Circuit, which denied Duplessis' claims because he had waived his right to appeal. [Record No. 59] The Sixth Circuit noted, however, that his appeal waivers did not bar him from bringing an ineffective assistance of counsel claim outside his direct appeal. [Record No. 74]

Duplessis then filed a motion to vacate pursuant to 28 U.S.C. § 2255 in September 2016. He alleged, among other things, two ineffective assistance of counsel claims. [Record No. 75, p. 4-5] More specifically, Duplessis claimed that attorney Scharg was ineffective because he failed to provide him with correct advice about the elements of a § 924(c) offense. [Record No. 75, p. 4] He also argued that Scharg was ineffective because he did not move to have the firearm subjected to DNA and fingerprint testing. [Record No. 75, p. 5] Duplessis requested an evidentiary hearing and asked that counsel be appointed to represent him at the hearing. [Record No. 75-1] This Court denied his motion to vacate and declined to issue a Certificate of Appealability, concluding that Duplessis' ineffective assistance of counsel claims failed on the merits. [Record No. 91] In rejecting his claims, this Court denied his request for an evidentiary hearing and appointment of counsel. [Record No. 91]

Duplessis appealed the denial of his motion to vacate and denial of a Certificate of Appealability on April 28, 2017. [Record No. 93] The Sixth Circuit noted that a "2255 petitioner must receive an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." [Record No. 100 (citations and quotations omitted)] It concluded that the defendant's ineffective assistance of counsel

claims were dependent on credibility determinations and conversations with his lawyer that occurred off the record. [Record No. 100] Accordingly, the Sixth Circuit vacated this Court's denial of Duplessis' § 2255 motion and remanded the matter, concluding that he was entitled to an evidentiary hearing on his ineffective assistance of counsel claims.

As noted previously, counsel was appointed for Duplessis and Magistrate Judge Atkins conducted an evidentiary hearing on October 5, 2018. [Record No. 120] Duplessis and his former attorney (Scharg) testified during the hearing.

Scharg initially testified that when he first met with the defendant, Duplessis admitted to the charge of knowingly possessing heroin, but he denied knowing that a firearm was in his home. [Record No. 123, p. 7-10] Duplessis was offered a plea agreement, and he allegedly advised Scharg he was going to take it. [Record No. 123, p. 11] Scharg testified that he explained the elements of a § 924(c) claim. [Record No. 123, p. 12] Scharg also stated that he told Duplessis about the weight of the government's evidence against him. [Record No. 123, p. 12-13] He described to Duplessis that the apartment was in Duplessis' name, he was the only one who resided there, and that it would be hard to get around the fact that he had drugs in his apartment. [Record No. 123, p. 12-13] Further, he told Duplessis that sometimes drug dealers keep weapons near the door. [Record No. 123, p. 13] According to Scharg, Duplessis decided to plead guilty because he did not want to "take the chance [of losing before a jury]." [Record No. 123, p. 14]

A copy of the first plea agreement was mailed to Duplessis. [Record No. 123, p. 16] During the first re-arraignment, Scharg was "shocked" that Duplessis could not make the factual basis for the § 924(c) charge and explained that there was no indication that Duplessis had any issues with his plea. [Record No. 123, p. 17] Scharg explained that he and United

States Attorney Robert M. Duncan, Jr. discussed the elements of the § 924(c) offense in front of the defendant. [Record No. 123, p. 18-19] Scharg and the government then set up a polygraph test but the defendant did not pass it. [Record No. 123, p. 18-21]

Scharg denied the allegation that he did not see the defendant outside of court and he stated that he was responsive to phone calls. [Record No. 123, p. 16, 23] Scharg also explained that he never told Duplessis he was "guilty because the gun was in [his] apartment" and that he never forced the defendant into a plea. [Record No. 123, p. 23] Duplessis also complained about the lack of DNA and fingerprint testing on the firearm, but Scharg testified that he told Duplessis it would be more advantageous for them to not test the firearm. [Record No. 123, p. 24-25]

Scharg filed a second motion for re-arraignment after Duplessis again decided he did not want to go to trial. [Record No. 42] Duplessis received a second plea agreement and signed it on September 8, 2014. [Record No. 44] During the hearing, Duplessis agreed that he had: (1) reviewed the indictment and plea agreement; (2) discussed the charges and his plea agreement with Scharg; and (3) advised that he was satisfied with the advice and representation he had been given. [Record No. 73] But after the plea hearing, Duplessis sent a letter saying that Scharg had misled him regarding his guilty plea to Count 2. [Record No. 48] In response, Scharg was shocked but filed a motion to withdraw Duplessis' guilty plea as to Count 2. [Record No. 123, p. 29]

On cross-examination, Scharg: (1) testified that he met with Duplessis a total of six times at the courthouse; (2) affirmed that he believed Duplessis understood the elements of a § 924(c) charge; and (3) confirmed that he discussed the possibility of conducting the DNA and fingerprint testing on the gun. [Record No. 123, p. 31-33, 35-37] Additionally, Scharg

testified about the accessibility of the gun in the front closet when the front door was open. [Record No. 123, p. 37] Scharg also stated he had never been to Duplessis' apartment. [Record No. 123, p. 37] Counsel further affirmed that the matter could have been a triable case. [Record No. 123, p. 47]

Duplessis testified after his former attorney. According to Duplessis, he continually told Scharg that he did not know that the gun was in his home. [Record No. 123, p. 58] He further stated that he and Scharg spoke on the phone three times for about twenty minutes total in between his two plea hearings. [Record No. 123, p. 54-57, 59-60] Duplessis also explained that Scharg told him a nexus for § 924(c) was "the gun was in your apartment, the apartment was in your name, and the drugs [were] in your apartment." [Record No. 123, p. 59] And Duplessis indicated that he had never seen the results of the polygraph test. [Record No. 123, p. 62-64] Duplessis further maintained that he had never received discovery, that Scharg never prepared to go to trial, and that he was "100 percent" confident that if the gun had been tested, there would be no evidence that would implicate him in the crime. [Record No. 123, p. 67]

Magistrate Judge Atkins issued a report on November 1, 2018, recommending that the motion to vacate be denied, concluding that Duplessis had not met his burden to establish that counsel was deficient. [Record No. 122, p. 14-15] Additionally, Magistrate Judge Atkins determined that Duplessis was fully aware of the elements for a § 924(c) conviction. [Record No. 122, p. 14]

The defendant now raises two objections to the Recommended Disposition. [Record No. 126] First, he asserts that his trial counsel was ineffective for improperly advising him regarding the elements of proof and proof necessary for a § 924(c) conviction. [Record No. 126, p. 2] Second, Duplessis contends that his trial counsel was ineffective for failing to have

the firearm tested for DNA and latent finger prints. [Record No. 126, p. 8] The objections are essentially the same arguments the defendant raised in his § 2255 motion.

**II.**

To prevail on a § 2255 claim, a prisoner must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States,* 334 F.3d 491, 496-97 (6th Cir. 2003). A defendant's right to effective assistance of counsel is violated when defense counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *see also United States v. Wynn*, 663 F.3d 845, 851 (6th Cir. 2011). A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The standard is highly deferential to counsel. *Id*.

The defendant cannot prevail on the claim that his counsel was deficient because he failed to correctly explain the elements of a § 924(c) offense. Duplessis continues to maintain that he did not know that the firearm at issue in the case was in the closet of his apartment, thus, he could not knowingly possess the firearm. [Record No. 126, p. 2] However, there were multiple instances where Duplessis was informed of the elements of a § 924(c) offense. As the Magistrate Judge correctly noted in his Recommended Disposition, "Duplessis cannot

plausibly argue that he was uninformed that knowledge of possession of the handgun was required to be convicted under § 924(c)." [Record No. 122, p. 11]

The defendant received his original plea agreement in the mail. During the first change-of-plea-hearing, Duplessis affirmed that he reviewed the indictment, discussed the charges with his attorney, understood the charges against him, and was satisfied with the representation of counsel. [Record No. 72, p. 9] The Court, however, declined to accept Duplessis' guilty plea to Count 2 when he stated that he did not know the gun was in the apartment. [Record No. 72, p. 32-33] Following this hearing, Scharg and the attorney for the United States reviewed the elements of a § 924(c) charge in the defendant's presence. [Record No. 123, p. 18-19]

Duplessis then signed a second plea agreement in which he pleaded guilty to Count 2, agreeing that law enforcement officers discovered a loaded pistol in a closet near his front door. [Record No. 44] During the second change-of-plea hearing, the Court again discussed the factual basis for the § 924(c) charge and Duplessis explained that he was guilty of possessing the handgun. [Record No. 73] The defendant again confirmed that he: (1) had reviewed the indictment; (2) discussed the charges with his attorney; and (3) was satisfied with his attorney's representation. [Record No. 73, p. 6] Duplessis confirmed the accuracy of the factual statement in the plea agreement and confirmed his guilt to the charge. *Id.*; *see also Baker v. United States*, 781 F.3d 85, 90 (6th Cir. 1986) ("the defendant is bound by his statements in response to [the] court's inquiry") (citations omitted). The Court also held a hearing to review whether Duplessis should be allowed to withdraw his guilty plea. [Record No. 58]

Finally, during the evidentiary hearing held on October 5, 2018, the Magistrate Judge reviewed with Duplessis and Scharg what they discussed regarding the elements of the § 924(c) charge. Scharg testified that he explained the elements of the charge to Duplessis. [Record No. 123, p. 12] As more fully explained by Magistrate Judge Atkins, Duplessis' testimony does not cut against a finding that he was advised of the elements of a § 924(c) charge. Instead, the Magistrate Judge correctly determined that Duplessis was "fully aware of the elements requiring a conviction under § 924(c)" and that he did not meet his burden to establish that counsel was deficient. [Record No. 122, p. 14] Duplessis cannot show that he suffered any prejudice because at multiple junctures he was notified of the elements of a § 924(c) offense and he had the opportunity to ask questions if he did not understand the charges against him. For example, during his change-of-plea hearing, Duplessis was specifically asked if he had any questions regarding the proceedings or the inquires of the Court. [Record No. 73, p. 25] Based on the foregoing, the defendant's first objection to the Recommended Disposition is unavailing and will be overruled.

Duplessis also argues that Scharg was ineffective because the choice not to obtain DNA and fingerprint analysis on the firearm was not a reasonable trial tactic. [Record No. 126, p. 9] However, the Magistrate Judge correctly concluded that the defendant failed to overcome the presumption that counsel's choice to not obtain DNA and fingerprint analysis on the firearm was a reasonable tactical decision. *See Hodge v. Haeberlin*, 579 F.3d 627, 642 (6th Cir. 2009). As Scharg explained during the October 5, 2018, hearing, "even though [Duplessis] denied that the gun was his, I told him that it's better, in my opinion, to argue to a jury that why the government didn't do this or that, as opposed to having it inconclusive where they could say, well, we did this and it came back inconclusive." [Record No. 123, p. 25]

According to Scharg, Duplessis "was fine" with this tactical decision and didn't raise it again after Scharg's explanation. [*Id.*]

"A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). Duplessis maintained that, if the firearm had been tested, the test results would demonstrate that he was innocent. However, Duplessis cannot show how Scharg's decision to forego DNA and fingerprint testing would have led to a different result. Scharg testified that he told Duplessis it would be more advantageous if he did not test the firearm. [Record No. 123, p. 24-25] Additionally, Duplessis' argument fails to acknowledge that constructive possession is enough to establish guilt. Accordingly, the lack of his fingerprints or DNA of the defendant would not be dispositive of the issue. Because the defendant has demonstrated neither deficient performance nor prejudice resulting from counsel's failure to have the firearm tested, his second objection also will be overruled.

### III.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). That standard is met if the defendant can show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And when the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). Such a showing has not been made here. Thus, a Certificate of Appealability will not be issued.

IV.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 122] is **ADOPTED** and **INCORPORATED** by reference. The defendant's objections to the Recommended Disposition [Record No. 126] are **OVERRULED**.

2. Movant/Defendant Norshawn Duplessis' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 75] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability shall not issue.

Dated: December 10, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge